■ PHILIP GERACI, Appellant, v BAUMAN, GREENE & KUNKIS, P. C., Respondent.—Order, Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered October 2, 1989, which granted the motion of defendant-respondent for summary judgment dismissing the complaint pursuant to CPLR 3212, unanimously affirmed, with costs.

Plaintiff, while employed as a driver for an airport limousine service, drove his bus into the rear of a U. S. Postal Service truck. In a consolidated action tried in the United States District Court, in which plaintiff's employer, but not plaintiff, was named as a party, a jury verdict was returned in favor of the United States finding that the accident was solely attributable to the negligence of the plaintiff.

Plaintiff subsequently commenced this action for money damages for legal malpractice allegedly committed by the

defendant law firm in failing to timely commence and prosecute a personal injury action on plaintiff's behalf arising out of the same accident. Defendant's motion for summary judgment was granted on the ground that the doctrine of collateral estoppel barred plaintiff from relitigating the issue of his own negligence, and that consequently he was unable to establish a key element of legal malpractice.

In an action for legal malpractice, a plaintiff is required to prove that "but for" the negligence of his attorney, he could have recovered damages in the underlying action (*McAleenan v Massachusetts Bonding & Ins. Co.*, 232 NY 199; *Mendoza v Schlossman*, 87 AD2d 606; *Larson v Crucet*, 105 AD2d 651). To invoke the doctrine of collateral estoppel, the identical issue which is decisive of the present action must necessarily have been decided in the prior action and the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination (*Kaufman v Lilly & Co.*, 65 NY2d 449; *Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 72).

Here, plaintiff had knowledge of the material facts and was a prime witness in the federal litigation. Further, because his interests were intimately related to that of his employer in the Federal litigation, while not a party, plaintiff was in privity with a party (*see, Gramatan Home Investors Corp. v Lopez*, 46 NY2d 481, 486), and he was collaterally bound by the judgment of the Federal Court that he was at fault for causing the accident. Thus, plaintiff could not show that "but for" the negligence of defendant he would have succeeded in his underlying action. Concur—Sullivan, J. P., Milonas, Rosenberger, Asch and Smith, JJ.