■ THOMAS NAPPE, JR., et al., Respondents, v CORRERI & SAPIENZA et al., Appellants.—In an action, inter alia, to recover damages for legal malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Molloy, J.), dated March 30, 1990, as denied their motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground of collateral estoppel.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action, inter alia, to recover damages for legal malpractice, alleging that the defendants had negligently represented them in an action brought by a competitor alleging unfair competition. Among the allegations in the complaint is the claim that the defendants' negligence caused the plaintiffs to fail to respond to discovery requests which resulted in the issuance of a conditional order of preclusion and the award of summary judgment to their competitor on the issue of liability. The defendants moved to dismiss the complaint in the instant action on the ground that it was barred by the doctrine of collateral estoppel. The court denied the motion, and we now affirm.

The defendants contend that a determination was made in the underlying action that the plaintiffs did not have a meritorious defense and that the plaintiffs are therefore precluded from relitigating the same issue in this action. Thus, the defendants allege that the plaintiffs cannot establish an essential element of a cause of action to recover damages for legal malpractice, that is, that they would have prevailed in the underlying action but for their attorneys' negligence (see, Carmel v Lunney, 70 NY2d 169, 173; Geraci v Bauman, Greene & Kunkis, 171 AD2d 454; Nitis v Goldenthal, 128 AD2d 687).

The court properly determined that the defendants may not rely on the doctrine of collateral estoppel to defeat the plaintiffs' cause of action. The defendants failed to meet their burden of establishing that the identical issue was necessarily decided in the underlying action. Moreover, based on the documentary evidence and the plaintiffs' allegations, which were not substantially refuted, we find that the plaintiffs established that they did not have a full and fair opportunity to litigate this issue in the underlying action *(see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664; *Gilberg v Barbieri,* 53 NY2d 285, 292). Bracken, J. P., Lawrence, Eiber and Miller, JJ., concur.