■ DREXEL BURNHAM LAMBERT INCORPORATED, Respondent, v TEREX CORPORATION, Appellant.—Order, Supreme Court, New York County (David B. Saxe, J.) entered December 9, 1991, which, inter alia, granted plaintiff summary judgment on its complaint, dismissed defendant's affirmative defenses, and dismissed defendant's counterclaims to the extent of directing that defendant must first obtain relief from the automatic bankruptcy stay before the court would consider the counterclaims, unanimously affirmed, with costs.

Plaintiff, which filed a Chapter 11 reorganization petition in bankruptcy on May 29, 1990, seeks in this action to recover more than $6.1 million pursuant to warrants issued by defendant in July 1989, and its exercise, on March 15, 1990, of its

rights thereunder to receive certain defined cash amounts. Defendant seeks to set off this undisputed liability in counterclaims alleging plaintiff's unauthorized, illegal and fraudulent purchase, between February 5 and 9, 1990, for defendant's account and the account of its predecessor-in-interest, of certain commercial paper issued by plaintiff's corporate parent and upon which there was a default due to the corporate parent's February 13, 1990 bankruptcy filing. The IAS court properly held the assertion and prosecution of such counterclaims to be subject to the automatic bankruptcy stay of 11 USC § 362 (a) (7) applicable to "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor". It is for the bankruptcy court, pursuant to 11 USC § 362 (d), to determine whether that stay should be modified, applying its greater knowledge of the debtor's affairs and the effect these counterclaims would have upon the debtor's reorganization, the policy considerations enunciated in *Matter of Bohack Corp. v Borden, Inc.* (599 F2d 1160), and, if it be so advised, its expertise as to the viability of these counterclaims in the face of plaintiff's contention that, in these circumstances, they are not available under 11 USC § 553 (a). Concur—Sullivan, J. P., Carro, Kassal and Smith, JJ.