■ PEOPLE v GLENN FORD. [601 NYS2d 799] —Clarification granted, and upon clarification, defendant is advised that an additional memorandum decision of the trial court does not exist. Concur—Carro, J. P., Rosenberger, Ellerin and Asch, JJ.

(July 29, 1993)

■ LILA G. SUDA, Appellant, v LOIS BRENNER et al., Respondents. [602 NYS2d 524] —Orders, Supreme Court, New York County (Beatrice Shainswit, J.), entered September 19, 20, and 30, 1991, dismissing the action as against defendants Brenner, Lafferty, Kurshan, and Herzfeld & Rubin, P. C., for failure to state a cause of action; dismissing the action purportedly commenced against defendant Herzfeld & Rubin on May 13, 1990 on the ground of lack of jurisdiction; and dismissing the action purportedly commenced against defendant Herzfeld & Rubin on May 10, 1991 on the grounds of lack of jurisdiction, pendency of another action, and failure to state a cause of action, unanimously affirmed, without costs.

In this appeal from the dismissal of plaintiff's *pro se* action for legal malpractice, we agree with the IAS Court that there is no merit to her renewed claims of misconduct by the various Judges and attorneys who took part in the proceedings relating to her divorce *(Suda v Suda,* 159 AD2d 243, *lv denied* 76 NY2d 711) and the fixing of defendants' fee *(Suda v Suda,* 178 AD2d 194, *lv denied* 79 NY2d 759, *cert denied sub nom. Suda v Herzfeld & Rubin,* — US —, 113 S Ct 134), and no showing of any connection between the alleged misconduct and her damages *(see, Geraci v Bauman, Greene & Kunkis,* 171 AD2d 454, 455, *appeal dismissed* 78 NY2d 907). Concur—Murphy, P. J., Milonas, Rosenberger and Rubin, JJ.