■ PRESTIGE ROOFING & SIDING COMPANY, INC., et al., Appellants, v JOHN C. BIVONA, Respondent. [608 NYS2d 320] —In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), entered December 13, 1991, which granted the defendant's motion for summary judgment dismissing the

complaint and denied their cross motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

In 1983, the plaintiffs retained the defendant to represent the corporate plaintiff Prestige Roofing & Siding Company, Inc. (hereinafter Prestige) concerning the revocation of two certificates of existing use (hereinafter CEU) which permitted Prestige to operate a roofing business in an area zoned J-Business-2 and Residential-C. The Building Inspector of the Town of Brookhaven had issued the first CEU when Prestige purchased the property in 1974 and the second CEU in 1976. Following a hearing in 1983, the Building Inspector revoked the CEU's. That decision was subsequently upheld by the Zoning Board of Appeals.

The defendant commenced a hybrid action and proceeding on behalf of the plaintiffs challenging the determination of the Zoning Board of Appeals and the Building Inspector's authority to revoke the CEU's. That branch of the petition pursuant to CPLR article 78 against the Board was dismissed, however, when it was discovered, after the expiration of the Statute of Limitations, that the process server hired by the defendant had served the wrong party. That branch of the petition seeking declaratory relief was severed and resulted in a declaration by the Supreme Court that the Building Inspector had the authority to revoke a CEU that had been erroneously issued. The plaintiffs thereafter commenced the instant legal malpractice action alleging, *inter alia,* that the defendant had been negligent in effecting service. In granting summary judgment in favor of the defendant, the Supreme Court held, *inter alia,* that the defendant could not be held liable for legal malpractice on the basis of a process server's negligence.

We note that subsequent to its determination, the Court of Appeals held that "[a]n attorney may be held liable to [a] client for negligent service of process, even though the task may have been 'farmed out' to an independent contractor" *(Kleeman v Rheingold,* 81 NY2d 270, 277-278). Nevertheless, as the Supreme Court properly ruled, the cause of action grounded in negligent service was properly dismissed, as the plaintiffs did not demonstrate that they would have prevailed in the underlying action against the Zoning Board of Appeals if the negligence had not occurred *(see, Kleeman v Rheingold, supra; Campagnola v Mulholland, Minion & Roe,* 76 NY2d 38, 42; *Nappe v Correri & Sapienza,* 181 AD2d 664). Therefore, summary judgment was properly granted to the defendant.

Specifically, the record clearly supports the finding by the Zoning Board of Appeals that the prior owners of the property, who operated a nonconforming well-drilling business, had completely ceased operations for at least one year before Prestige began operating its roofing business (see, Brookhaven Town Code § 85-431A [5]; *Matter of Prudco Realty Corp. v Palermo,* 93 AD2d 837, *affd* 60 NY2d 656; *see also, Matter of Spicer v Holihan,* 158 AD2d 459; *Town of Islip v P.B.S. Marina,* 133 AD2d 81).

Moreover, the record supports the finding by the Zoning Board of Appeals that the roofing business conducted by Prestige was a substantially different use of the property than that of the prior well-drilling business, and was therefore operating unlawfully.

In view of the evidence that the second CEU was issued based upon a fraudulent affidavit and the determination in the declaratory judgment action that the Building Inspector had the authority to revoke a CEU that was erroneously issued, the plaintiffs have not demonstrated that they were entitled to equitable relief in the underlying proceeding (see, *Reichenbach v Windward At Southampton,* 80 Misc 2d 1031, 1034, *affd* 48 AD2d 909). Balletta, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.