■ PETER LUPOLI, Appellant, v MATTHEW LUPOLI et al., Respondents. (Matter No. 1.) In the Matter of RAFFAELE LUPOLI, Also Known as RAPHAEL LUPOLI, Deceased. PETER LUPOLI, Appellant; MATTHEW LUPOLI et al., Respondents. (Matter No. 2.) [613 NYS2d 423] —In an action, *inter alia,* to partition real property and for an accounting, and in a proceeding to settle an interim account of the administrator of an estate, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Dunkin, J.), dated November 28, 1993, as (1) denied his motion to remove the proceeding to settle an interim account of the administrator of an estate, pending in the Surrogate's Court, Queens County, entitled, *Matter of Lupoli,* to the Supreme Court and to consolidate it with the instant action, (2) denied his application for sanctions and (3) granted that branch of defendant Matthew Lupoli's cross motion which was to stay the Supreme Court action pending determination of the Surrogate's Court proceeding.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent Matthew M. Lupoli, Jr.

The Supreme Court did not err in denying the plaintiff's motion to remove the Surrogate's Court proceeding to Supreme Court and consolidate it with the instant action as the Surrogate's Court proceeding raised several issues which were not raised in this action, and there were no special circumstances which warranted transferring the Surrogate's Court proceeding to the Supreme Court (see, *Matter of Moody,* 6 AD2d 861). In addition, the Supreme Court did not err in staying this action, pending resolution of the Surrogate's Court proceeding, as the determination of the Surrogate's Court proceeding may dispose of the issues in the instant action (see, *Hill v Hill,* 72 NYS2d 720).

We have examined the plaintiff's remaining contention and find it to be without merit. We decline the invitation to award sanctions in connection with this appeal. Rosenblatt, J. P., Ritter, Goldstein and Florio, JJ., concur.