■ ROBERT MACARTHUR, Appellant, v HALL, McNICOL, HAMILTON AND CLARK, Respondent. [628 NYS2d 705] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered December 2, 1994, which, in an action for legal malpractice, granted defendant's motion, and denied plaintiff's cross motion for summary judgment, unanimously affirmed, with costs.

In the late 1970's, defendant appeared as counsel of record in an action that was assigned to plaintiff in December 1981. Although defendant transferred all case files to plaintiff's attorney in January 1982, defendant was never formally substituted in accordance with CPLR 321 (b). For the next four years, plaintiff took no steps to prosecute the assigned action. In June 1986, defendant was served with a motion to dismiss the assigned action for failure to comply with a 1978 disclosure order. Defendant did not advise the movant that it was no longer handling the case, or advise plaintiff herein of the pendency of the motion, or oppose the motion, and the action was dismissed.

We agree with the IAS Court that notwithstanding the failure to comply with CPLR 321 (b), defendant was under no duty to continue litigating the assigned action on plaintiff's behalf, the assignment being clear that plaintiff had retained another attorney for that purpose and that defendant had consented to the substitution (*see, Leucadia, Inc. v Silverman*, 100 AD2d 823). The purpose of CPLR 321 (b) is "to afford protection to

adverse parties, by eliminating disputes and uncertainty as to whether and when the authority of an attorney representing an opponent terminated", and it "has generally been construed to establish the authority of discharged counsel as to adverse parties and not as to the very party who discharged the attorney" (*Moustakas v Bouloukos*, 112 AD2d 981, 983, 984). Plaintiff should not be able to find in CPLR 321 (b) an excuse for his own lack of diligence. Concur—Sullivan, J. P., Ellerin, Wallach, Williams and Mazzarelli, JJ.