(February 6, 1996)

■ ROBERT L. DAVIS et al., Appellants, v NAOMI KLEIN, et al., Respondents. [637 NYS2d 137] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about September 12, 1994, which granted defendants' motion for summary judgment dismissing the complaint, affirmed, without costs.

Where plaintiffs failed to demonstrate a viable claim in the underlying action against the City of New York, they failed to satisfy the requisite "but for" element in this legal malpractice action against defendants (*Geraci v Bauman, Greene & Kunkis,* 171 AD2d 454, 455, *appeal dismissed* 78 NY2d 907). Concur—Murphy, P. J., Rosenberger, Ross and Tom, JJ.

Sullivan, J., dissents in a memorandum as follows: On January 30, 1987, plaintiff Robert L. Davis was allegedly injured while in the employ of a contractor and engaged in construction of a series of seepage wells on property owned by the City of New York. Thereafter, he met with Lawrence A. Klein, an attorney, who, it is undisputed, agreed to represent Davis with respect to his rights under the Workers' Compensation Law. Approximately one year after Davis met with Klein, the latter arranged for him to meet with another attorney, Richard Cardali, for the purpose of commencing a lawsuit against the City, but by that time Davis's claim against the City was time-

barred.* This action against the representative of Klein's estate and Lawrence A. Klein, P. C., for legal malpractice followed.

Defendants moved for summary judgment dismissing the complaint, claiming that Klein was retained for the sole purpose of prosecuting a workers' compensation claim and not to commence a lawsuit against the City. In addition, defendants asserted that even if it could be argued that Klein was retained to commence an action against the City, "the [c]omplaint does not set forth grounds for a claim against the City." The IAS Court, concluding that plaintiffs failed to demonstrate by evidentiary proof in admissible form that but for the alleged negligence of the attorneys plaintiffs could have recovered against the City, granted summary judgment and dismissed the complaint.

Since, in my view, defendants have failed to establish that they are entitled to summary judgment, I would reverse and deny the motion. Relying on a "Notice of Retainer and Appearance" executed on March 3, 1987, which stated that plaintiff had retained Klein to represent him "in all proceedings concerning [his] claim under the * * * Workers Compensation Law," defendants assert that Klein's representation was limited to the workers' compensation claim and that there is no admissible evidence that Klein agreed to represent plaintiff in connection with any other matter. The notice of retainer, a printed form which an attorney is required to file in order to represent a claimant before the Workers' Compensation Board (12 NYCRR 300.17 [a]), nowhere states that Klein's representation is limited to pursuing workers' compensation benefits and there is no basis in this record for according it such a limited construction.

In any event, even if the retention expressly limited the legal representation to the workers' compensation claim, Klein would not necessarily be relieved of any duty to plaintiff with respect to a potential personal injury action he might have against the City. An attorney "may still have a duty to alert the client to legal problems which are reasonably apparent, even though they fall outside the scope of the retention * * * The attorney need not represent the client on such matters. The client, however, should be informed of the limitations of the attorney's representation and of the possible need for other counsel." (2 Mallen & Smith, Legal Malpractice § 19.5, at 161-162 [3d ed 1989]; see also, Smith v Becnel, 396 So 2d 444 [La]; Daugherty v Runner, 581 SW2d 12, 17 [Ky] ["An attorney can-

* Both Klein and Cardali died prior to the commencement of this lawsuit.

not completely disregard matters coming to his attention which should reasonably put him on notice that his client may have legal problems or remedies that are not precisely or totally within the scope of the task being performed by the attorney."].) "The rationale is that, as between the lay client and the attorney, the latter is much more qualified to recognize and analyze the client's legal needs." (2 Mallen & Smith, Legal Malpractice, *op. cit.*) Accordingly, although the IAS Court did not reach the issue, defendants are not entitled to summary judgment on the ground that Klein's representation of plaintiff was limited to his workers' compensation claim and that any potential personal injury action plaintiff might have against the City was beyond the scope of Klein's representation.

As noted, the IAS Court held that "plaintiffs have failed to demonstrate by evidentiary proof in admissible form that 'but for' [Klein's] alleged negligence" plaintiff could have recovered against the City. This was not, however, a basis for defendants' motion. Defendants merely asserted, in conclusory fashion, that "the [c]omplaint does not set forth grounds for a claim against the City"; they did not submit any proof regarding the merits of their defense. To be entitled to summary judgment "[t]he proponent of [the] motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case [citations omitted]. Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853.)

The IAS Court's reliance on *Geraci v Bauman, Greene & Kunkis* (171 AD2d 454, *appeal dismissed* 78 NY2d 907) is misplaced. The Court held in *Geraci* that plaintiff could not show that "but for" defendant's negligence he would have succeeded in his underlying personal injury action since he was collaterally bound by a Federal court judgment that he was at fault for causing the accident on which the underlying action was based. No such showing has been made here.

Moreover, while defendants argue that plaintiff has failed to allege a prima facie case of legal malpractice, the motion was one for summary judgment and not one, pursuant to CPLR 3211 (a) (7), to dismiss the complaint for failure to state a cause of action.

In any event, the complaint sufficiently pleads a legal malpractice claim. "An action for legal malpractice requires * * * three essential elements: (1) the negligence of the attorney; (2) that the negligence was the proximate cause of the loss

sustained; and (3) proof of actual damages." (*Mendoza v Schlossman*, 87 AD2d 606, 606-607; *see also, Lauer v Rapp*, 190 AD2d 778.) Plaintiff's complaint, which alleges that Klein was negligent in failing to prosecute a claim on plaintiff's behalf against the City based on statutory causes of action and common law negligence, that as result of Klein's negligence plaintiff's claim was time-barred and that plaintiff would have prevailed but for Klein's negligence, satisfies these requirements.

Accordingly, since defendants failed to make the requisite showing, I would reverse and deny the motion for summary judgment dismissing the complaint.