OPINION OF THE COURT
David B. Saxe, J.
May a law firm rely upon a form retainer agreement which by its terms is limited to representation of the client before the Workers’ Compensation Board, in order to avoid a malpractice action based upon the failure to ensure timely commencement of other available actions at law on behalf of the client? I hold that it may not.
It is alleged in the complaint that on December 22, 1986 the plaintiff was injured while employed at a construction site, and that he thereafter retained the defendants to recover on his behalf all available damages, and to pursue all appropriate legal remedies, on a contingency fee basis. The legal work actually performed by defendant law firm on plaintiff’s behalf was limited to workers’ compensation benefits, and the Statute of Limitations on any claims against any third parties has expired.
The basis of the defendants’ current motion for summary judgment here is that they were retained only for the limited purpose of bringing a proceeding before the Workers’ Compensation Board, because at the time the firm limited its practice to that area. They rely upon a form, issued by the Workers’ Compensation Board called a "Notice of Retainer and Appearance”, which the plaintiff signed, indicating that he retained the defendant law firm to represent him in claims under the Workers’ Compensation Law; they further submit affidavits of lawyers with the firm indicating that as a rule during their intake interviews the firm’s associates "did not advise clients that the firm would provide any services other than representation in connection with workers’ compensation matters”. It is also stated that the firm’s file "contains no evidence that Fine Olin ever agreed to represent the plaintiff in any matters other than the workers’ compensation matter”.
Defendants further contend that the plaintiff failed to allege one critical element of his cause of action: that "but for” the alleged negligence, he could have recovered damages against a third party.
Both parties discuss a similar case, in which a defendant’s motion for summary judgment was granted (Davis v Klein, 224 *307 AD2d 196, 198). In that case, the basis for the dismissal of the action was the plaintiffs failure to demonstrate by evidentiary proof in admissible form that " ’but for’ ” the alleged negligence, the plaintiff could have recovered damages against the owner of the job site (citing, Geraci v Bauman, Green & Kunkis, 171 AD2d 454, 455 [1st Dept 1991]). The dismissal in Davis v Klein was not, at the trial or appellate level, on the ground that the lawyer’s obligation was limited to the task specified in the limited retainer agreement relied upon by those defendants (although the argument was raised there).
On the question of whether the plaintiff has alleged that ’’but for” the alleged negligence, he would have recovered damages against the owner of the job site, plaintiff concedes that the ’’but for” phrase was not used in his complaint. However, on this summary judgment motion the court is concerned with whether admissible proof supports the legal malpractice claim, since if it does, the pleading itself may be amended to rectify the omission. According to the plaintiff’s affidavit, he was standing on a ladder at the worksite, pulling cable being passed through a conduit in the ceiling from the floor above, and he fell off the ladder from a height of four to five feet. It is undisputed that the premises was owned by a third party not the plaintiff’s employer. These allegations, if believed, are sufficient to demonstrate that plaintiff had a right to dámages against the building owner under the Labor Law. Under such circumstances, a motion for summary judgment cannot prevail for lack of a recitation of the ’’but for” catch phrase.
As to the extent of the retainer agreement, I agree with the observations made by dissenting Justice Sullivan in the Davis v Klein matter. First, the relied-upon notice of retainer is a printed form which an attorney is required to file in order to represent a claimant before the Workers’ Compensation Board (12 NYCRR 300.17 [a]). Its use does not alone demonstrate that the attorney-client relationship was limited to that representation. Nor do the affidavits relied upon by defendants directly state that the plaintiff was specifically informed that the firm did not practice in areas other than workers’ compensation, or that plaintiff was instructed that any possible claim against the premises owner should be handled by another attorney. The affidavits are phrased in the negative: they did not tell him they would represent him in any Labor Law claims. This, it seems to me, is insufficient to avoid all liability.
Defendants argue that New York courts have not addressed the issue presented here, of whether attorneys have a duty to *308 advise a client of potential third-party claims when the client signs a retainer agreement covering a specified area of representation. Their position is that no such duty exists. I do not believe that their position is a correct articulation of legal responsibility, however. When representing an injured client, an attorney has an affirmative duty to ensure that the client understands any limits imposed by the attorney on the extent of the work to be performed (see, Davis v Klein, supra, at 197 [dissenting opn of Sullivan, J., citing Hallen & Smith, Legal Malpractice § 19.5, at 161-162 (3d ed 1989)]). "[A] lawyer may limit the scope of the lawyer’s services to a client as long as the lawyer makes full disclosure to the client of the effects of such limitation” (1994 Opns NY St Bar Assn Comm on Prof Ethics No. 664; see also, 1989 Opns NY St Bar Assn Comm on Prof Ethics No. 604). The law cannot be otherwise; any more limited duty would leave it to the injured layperson to determine the nature of his available causes of action and the types of attorneys he must consult.
Therefore, the submissions relied upon by defendants do not establish an entitlement to dismissal as a matter of law. The issue of whether malpractice was committed here is a question of fact.
Accordingly, the defendants’ motion for summary judgment is denied. The cross motion is granted only to the foregoing extent. That branch of the plaintiff’s cross motion seeking an award of sanctions is denied.