■ DAVID STETTNER, Respondent-Appellant, v MARK BENDET, Appellant-Respondent, et al., Defendant. [642 NYS2d 253] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about May 3, 1995, which, in an action for legal malpractice, denied defendant attorney's motion for summary judgment dismissing the complaint, or, in the alternative, to stay the action pending resolution of the underlying medical malpractice action, and which denied plaintiff client's cross motion for summary judgment, unanimously modified, on the facts, to grant the attorney's motion to the extent of staying the action pending either discharge of the underlying liability or resolution of the underlying action, and otherwise affirmed, without costs.

The client claims that the attorney committed malpractice in failing to file a claim with the Bankruptcy Court after the

doctor in the underlying medical malpractice action filed for bankruptcy; the attorney responds that he had no notice of the bankruptcy proceedings; the client replies that the attorney would have acquired such notice had he moved for a default judgment against the doctor within a year after the latter's failure to appear, as he should have pursuant to CPLR 3215 (c). We agree that such a timely motion for a default judgment might have resulted in notice of the bankruptcy, and for that reason the IAS Court properly denied the attorney's motion for summary judgment. We would also have denied that motion on the ground that the Bankruptcy Court's publication of the proceedings was sufficient by itself to raise an issue of notice. However, because the Bankruptcy Court's order designating a "bar date" and its subsequent order designating the claimants appear only to preclude other individuals from claiming a distribution from insurance proceeds, it cannot be determined whether the client might be able to assert a claim in the bankruptcy proceeding against the doctor's personal assets. It is also unclear whether the client might be able to obtain the Bankruptcy Court's permission to join the class of claimants despite the bar date, or even prosecute the underlying action (11 USC § 362 [d]; *see, Drexel Burnham Lambert v Terex Corp.*, 184 AD2d 328, 329, *lv dismissed* 80 NY2d 892). Since the client's remedies in the bankruptcy proceeding are uncertain, and since the client can have no cause of action for legal malpractice unless he would have had a remedy in the bankruptcy proceeding but for the attorney's negligence (*see, Geraci v Bauman, Greene & Kunkis,* 171 AD2d 454, 455, *lv dismissed* 78 NY2d 907), we modify to stay the instant action until such time as the client's rights in the bankruptcy proceeding, and his contingent right to prosecute the underlying action, are finally settled. Concur—Milonas, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.