■ DOUGLAS GREENWICH, Appellant, v PAUL M. MARKHOFF et al., Respondents. [650 NYS2d 704] —Order of the Supreme Court, New York County (Leland DeGrasse, J.), entered on or about September 25, 1995, which granted defendants' motions

to dismiss the complaint for legal malpractice for failure to state a cause of action, unanimously modified, on the law, to the extent of reinstating the second cause of action asserting a claim for legal malpractice as against defendants Scheine, Fusco, Brandenstein and Rada and Scheine, Fusco, Brandenstein & Rada, P. C., and except as so modified, affirmed, without costs.

The amended verified complaint alleges that plaintiff sustained injury on September 12, 1989 while working at a construction site "as the result of the negligence of the owner and/or the general contractor". He sought the advice of defendant law firms in connection with his injuries, but they limited the extent of their representation to his Workers' Compensation claim. It is asserted that they were negligent in failing to institute any action against either the owner or general contractor before the expiration of the Statute of Limitations governing an action for personal injury. As a result, the complaint states that plaintiff has incurred damages by reason of the loss of his opportunity to bring suit against the parties responsible for his injuries.

Defendant law firm Markhoff & Lazarus moved to dismiss the complaint based on the documentary evidence, the Statute of Limitations applicable to a claim for legal malpractice and for failure to state a cause of action (CPLR 3211 [a] [1], [5], [7]). Defendants comprising the firm of Scheine, Fusco, Brandenstein & Rada (the Scheine defendants) cross-moved to dismiss the complaint for failure to state a cause of action (CPLR 3211 [a] [7]).

Plaintiff's affidavit in opposition to defendants' motion states that he sought the advice of Markhoff & Lazarus following the accident, but "became increasingly dissatisfied with the services they were providing me * * * In October of 1990 I decided I should hire another lawyer to represent me * * * I was referred to the firm of Scheine, Fusco, Brandenstein & Rada, P. C." Included in the record is a notice of substitution dated October 18, 1990, substituting the latter firm "in place and stead of Markhoff [&] Lazarus". Neither law firm ever commenced an action on plaintiff's behalf, and the Statute of Limitations governing a personal injury action expired on September 12, 1992.

In support of the cross motion, the Scheine defendants argue that their retainer agreement limited the scope of their representation of plaintiff to the Workers' Compensation claim. They further assert that, by failing to allege that but for the claimed negligence of his attorneys plaintiff would have prevailed in

the underlying personal injury action, the complaint fails to state a cause of action.

Supreme Court properly dismissed the complaint as against Markhoff & Lazarus. It is clear from the record that plaintiff sought substitution of counsel just over a year after the injury, and there is no suggestion that Markhoff & Lazarus had any responsibility for allowing the Statute of Limitations to expire some two years later. Moreover, this action was brought on December 29, 1994, well over three years after plaintiff discharged the firm. An action for legal malpractice is governed by the three-year period of limitations normally applicable to malpractice actions unless the damages sought are recoverable under a breach of contract claim (*Santulli v Englert, Reilly & McHugh*, 78 NY2d 700, 709; *Jorgensen v Silverman*, 224 AD2d 665; *Brainard v Brown*, 91 AD2d 287, 288-289).

As to the Scheine defendants, it is not disputed that the action was timely brought within three years of the running of the period of limitation against the personal injury action. The extent of the firm's duty to represent their client's interest is not limited by the scope of their retainer agreement. The possibility that an action for personal injury may lie against a contractor or the owner of the premises is a reasonably apparent legal matter of which an attorney might be expected to apprise a client (*Davis v Klein*, 224 AD2d 196, 197 [Sullivan, J., dissenting], *affd on other grounds* 88 NY2d 1008). Moreover, the printed retainer agreement relied upon by defendants is a form that is required to be filed with the Workers' Compensation Board and should not be construed to define the extent of the attorney-client relationship (*Campbell v Fine, Olin & Anderson*, 168 Misc 2d 305, 307-308).

Nor is there merit to the Scheine defendants' claim that the failure to assert that but for their negligence plaintiff would have prevailed in the underlying action is fatal to the complaint. There are three essential elements to an action for legal malpractice: "(1) the negligence of the attorney; (2) that the negligence was the proximate cause of the loss sustained; and (3) proof of actual damages" (*Mendoza v Schlossman*, 87 AD2d 606, 607; *see also, Lauer v Rapp*, 190 AD2d 778). The complaint in this matter meets these criteria and should not have been dismissed at the pleading stage. Concur—Sullivan, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.