■ MICHAEL RUBINBERG et al., Respondents, v SHELDON WALKER et al., Individually and Doing Business as WALKER &

HILL, Appellants. [676 NYS2d 149] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered March 5, 1997, insofar as it denied defendants' motion for summary judgment as to plaintiffs' claim that defendants' negligence in failing to submit affidavits of persons with personal knowledge in opposition to a motion for summary judgment caused the dismissal of plaintiffs' Federal action, unanimously reversed, on the law, with costs, defendants' motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

The motion court erred in denying defendants summary judgment on plaintiffs' legal-malpractice claim, which alleges defendants' failure to submit affidavits in opposition to a motion for summary judgment in plaintiffs' Federal action. In order to establish such claim, plaintiffs needed to demonstrate that defendants failed to exercise the degree of care, skill and diligence commonly possessed by a member of the legal profession, that defendants' negligence was the proximate cause of the loss sustained, that the plaintiffs incurred damages as a direct result of defendants' actions and that plaintiffs would have succeeded had defendants exercised due care (*Andrews Beverage Distrib. v Stern*, 215 AD2d 706).

Attorneys are not liable in negligence for errors of judgment or the exercise of appropriate judgment that leads to an unsuccessful result (*see, Rosner v Paley*, 65 NY2d 736, 738; *Walter D. Peek, Inc. v Agee*, 235 AD2d 790, *lv denied* 89 NY2d 815; *Bernstein v Oppenheim & Co.*, 160 AD2d 428, 430); where it is clear that the attorney exercised his or her judgment reasonably as to how to proceed, summary judgment should be granted dismissing the action (*see, Rosner v Paley, supra*).

Here, defendants' decision not to submit plaintiffs' or their accountants' affidavits in opposing summary judgment was reasonable, given plaintiffs' "eviscerating admissions" in their depositions of their failure to perform "due diligence" and the circumstance that the performance of "due diligence" was not included in the retainer agreements of the accountant or plaintiffs' attorneys. Essentially, plaintiffs admitted that, on each of their allegations of fraud in connection with the stock purchase transaction, they either knew the true facts or failed to proceed with due diligence in order to ascertain them. The record unquestionably establishes that plaintiffs had unimpeded access to the corporate books, records and personnel that could have provided the necessary information, that the books and records were not inspected and certain key personnel were not contacted, and that plaintiffs were experienced

businessmen represented by counsel and accountants. Under such circumstances, counsel could hardly assert a cogent defense to the motion for summary judgment. This was especially true since defendants were litigating in the Second Circuit, where, on summary judgment, courts typically disregard a party's affidavit that contradicts his prior deposition testimony without sufficient explanation and rely on the sworn deposition (*see, Mack v United States,* 814 F2d 120, 124; *Miller v International Tel. & Tel. Corp.,* 755 F2d 20, 24, *cert denied* 474 US 851; *Junkins & Assocs. v U.S. Indus.,* 736 F2d 656, 657; *Perma Research & Dev. Co. v Singer Co.,* 410 F2d 572, 578).

Moreover, plaintiffs failed to demonstrate that but for defendants' failure to submit the affidavits, plaintiffs would have succeeded on the fraud claims at trial (*Geraci v Bauman, Greene & Kunkis,* 171 AD2d 454, 455, *appeal dismissed* 78 NY2d 907; *see also, Kleeman v Rheingold,* 81 NY2d 270, 278; *Prestige Roofing & Siding Co. v Bivona,* 201 AD2d 713, 714-715). Instead, their admitted failure to take reasonable affirmative steps to investigate the seller's representations where they had access to the information rendered them fatally vulnerable to the "due diligence" test in the Federal action (*see, Royal Am. Mgrs. v IRC Holding Corp.,* 885 F2d 1011, 1015-1016), and made success at trial impossible. Concur—Sullivan, J. P., Milonas, Williams, Mazzarelli and Saxe, JJ.