■ RICHARD MARCANO et al., Respondents, v LITMAN & LITMAN, P.C., et al., Respondents, and LEE, KIRSCH, LEFKOWITZ AND KELMAN, P.C., et al., Appellants. [741 NYS2d 522] —Order, Supreme Court, New York County (Edward Lehner, J.), entered August 24, 2001, which, in an action for legal malpractice, denied defendant-appellant's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff, a laborer who sustained an injury on a construction site, was referred to defendant-appellant (appellant), a law firm that specializes in workers' compensation, by defendant-respondent (respondent), a law firm that specializes in personal injury. Plaintiff claims that appellant committed malpractice by failing to advise him of possible personal injury claims he had against "third parties" and the resulting need to consult with a personal injury lawyer, or to at least ascertain whether any such claims were being pursued or considered on his behalf by respondent. Appellant seeks dismissal on the ground that it

owed plaintiff no such duty of advice or inquiry given that plaintiff had already consulted with respondent and indeed testified at deposition that he signed respondent's retainer letter. In response, respondent asserts that it was never retained by plaintiff; plaintiff asserts that the subject of his personal injury claims repeatedly came up at his workers' compensation hearing, that appellant repeatedly assured him that such claims were "being taken care of," and that he relied on appellant for guidance and information concerning such claims because he had reason to believe that appellant and respondent were closely associated and in regular communication concerning his available remedies. Assuming in appellant's favor that, as a matter of law, a workers' compensation lawyer owes an injured person no duty of advice or inquiry concerning possible personal injury claims once the injured person has consulted with a personal injury lawyer, such proposition would not negate appellant's affirmative duty to ensure that plaintiff understood the limits of appellant's representation (*Campbell v Fine, Olin & Anderson*, 168 Misc 2d 305, 308; *see also, Greenwich v Markhoff*, 234 AD2d 112, 114). Accordingly, a material issue of fact is raised by plaintiff's alleged repeated questions to appellant concerning the status of his personal injury claims and appellant's alleged repeated responses that such claims were being taken care of. Concur—Nardelli, J.P., Buckley, Rosenberger, Ellerin and Rubin, JJ.