■ DANIEL UNGER, Respondent, v BARRY HOROWITZ, ESQ., et al., Respondents, and DAVID BRESCHEL, ESQ., et al., Appellants. [777 NYS2d 648]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered December 15, 2003, which denied the Breschel defendants' motion to dismiss the complaint as against them, unanimously affirmed, without costs.

The scope of duty owed by the Breschel defendants to their client was not governed exclusively by any formal substitution

of new counsel (*see e.g. Piliero v Adler & Stavros*, 282 AD2d 511 [2001]; *MacArthur v Hall, McNicol, Hamilton & Clark*, 217 AD2d 429 [1995]), given plaintiff's sworn assertion, unchallenged, that the outgoing attorney would continue to work as his attorney on the case and would continue to advise him. Thus, their submission of documents demonstrating such formal substitution of the Horowitz defendants as counsel, prior to any alleged malpractice, does not conclusively establish the movants' right to dismissal as a matter of law, where plaintiff averred they had expressly told him they would continue to act as his counsel throughout the pertinent period. To the extent that the Breschel defendants assert their role was limited to that of consultant or "of counsel," it was incumbent upon them to ensure that plaintiff understood the limits of their representation (*see Marcano v Litman & Litman*, 294 AD2d 134 [2002]). It has not been established that the Breschel defendants ever informed plaintiff of any such limits. Concur—Nardelli, J.P., Saxe, Sullivan, Marlow and Catterson, JJ.