■ DIANE CORRADO, Appellant, v MARILYN C. RUBINE et al., Respondents. [807 NYS2d 878]—

In an action to recover damages for legal malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), entered September 16, 2004, as granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action and denied her

cross motion to stay all proceedings in the action pending resolution of an action entitled *Corrado v Corrado,* pending in the Supreme Court, Nassau County, under index No. 203816/01.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action is denied, the complaint is reinstated, and the cross motion to stay all proceedings in the action pending resolution of an action entitled *Corrado v Corrado,* pending in the Supreme Court, Nassau County, under index No. 203816/01, is granted.

Contrary to the determination of the Supreme Court, the complaint adequately alleged the damages sought so as to state a cause of action, thus warranting the denial of that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) (*see generally Tenzer, Greenblatt, Fallon & Kaplan v Ellenberg,* 199 AD2d 45 [1993]). Furthermore, since some or all of the components of the damages alleged by the plaintiff may ultimately be addressed in the divorce action, the Supreme Court improvidently exercised its discretion in denying the plaintiff's cross motion for a stay of all proceedings pending the resolution of that action (*see generally Stettner v Bendet,* 227 AD2d 202 [1996]; *Lupoli v Lupoli,* 205 AD2d 595 [1994]).

The defendants' remaining contentions are without merit. Goldstein, J.P., Mastro, Spolzino and Lunn, JJ., concur.