■ LOUIS GALANOS, Respondent, v SUZANNE GALANOS, Appellant. [833 NYS2d 636]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated October 4, 2005, as, in effect, denied that branch of her cross motion which was to stay the equitable distribution proceedings in the action pending resolution of a related action entitled *Galanos v Galanos,* pending in the District Court, Clark County, Nevada, under case No. 04-A-490240-B.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof, in effect, denying that branch of the defendant's cross motion which was to stay the equitable distribution proceedings in the action pending resolution of a related action entitled *Galanos v Galanos*, pending in the District Court, Clark County, Nevada, under case No. 04-A-490240-B and substituting therefor a provision granting that branch of the cross motion to the extent of staying so much of the equitable distribution proceedings in this action as would distribute the property that is the subject of the related action pending in Nevada; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced an action for a divorce and ancillary relief in the Supreme Court, Dutchess County, on October 27, 2003. By order dated January 30, 2004, the Supreme Court restrained both parties from dissipating presumptive marital assets. Thereafter, the plaintiff commenced an action in the District Court, Clark County, Nevada (hereinafter the Nevada action) alleging that the defendant signed the plaintiff's name, without authorization, to agreements purporting to transfer all of their interest in certain property in the state of Nevada to the defendant's parents. That property consists, in part, of several parcels of real estate and ownership interests in Nevada Telephone, Inc., and Nevada Utilities, Inc. The Nevada action is currently pending.

The defendant cross-moved, inter alia, to stay the equitable distribution proceedings in the divorce action pending resolu-

tion of the Nevada action. Before the court decided the cross motion, the defendant submitted another motion, among other things, to stay all proceedings in the divorce action pending a determination of her earlier cross motion. In the order appealed from, the Supreme Court denied the motion and, in effect, denied that branch of the defendant's cross motion which was to stay the equitable distribution proceedings in the divorce action.

The Supreme Court did not improvidently exercise its discretion in declining to stay the divorce action in its entirety while the Nevada property issues were being resolved, nor did it improvidently exercise its discretion in declining to stay all aspects of the equitable distribution proceedings in the divorce action. However, the court improvidently exercised its discretion in declining to stay so much of the equitable distribution proceedings as would distribute the property that is the subject of the Nevada action. This limited stay is appropriate, pending resolution of the Nevada action, because the resolution of the Nevada action may limit or narrow some of the equitable distribution issues in the divorce action (*cf. Corrado v Rubine*, 25 AD3d 748 [2006]; *Lupoli v Lupoli*, 205 AD2d 595 [1994]). Miller, J.P., Spolzino, Florio and Angiolillo, JJ., concur.