13-1463-cv
Henkel v. Wagner

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand fourteen.

PRESENT: PIERRE N. LEVAL,
                 GUIDO CALABRESI,
                 GERARD E. LYNCH,
                        *Circuit Judges.*

_____

ELENI HENKEL,

                   *Plaintiff-Appellant,*

        v.                                 No.    13-1463-cv

STEPHEN WAGNER, COHEN TAUBER SPIEVACK & WAGNER, P.C.

                   *Defendants-Appellees.*

_____

APPEARING FOR APPELLANT:        JAY EDMOND RUSS, Russ & Russ, P.C., Massapequa, New York.

APPEARING FOR APPELLEES:        MARK K. ANESH & ANTHONY J. PROSCIA, Lewis Brisbois Bisgaard & Smith, LLP, New York New York.

Appeal from the United States District Court for the Southern District of New York (Alison J. Nathan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the March 18, 2013 judgment of the district court is AFFIRMED.

Plaintiff-appellant Eleni Henkel appeals from the judgment of the district court entered March 18, 2013, dismissing her complaint in this legal malpractice action against her former attorneys, defendants-appellees Stephen Wagner and the law firm of Cohen Tauber Spievack & Wagner, P.C. ("Defendants"). Henkel alleges that as the result of the Defendants' malpractice, she is forever barred from bringing certain causes of action based on alleged partnership agreements.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the district court dismissed the complaint for failure to state a claim, concluding, *inter alia*, that plaintiff had not sufficiently pled causation. We review the dismissal de novo, considering the "legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009). To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. We presume the parties' familiarity with the facts and record of prior proceedings, to which we refer only as necessary to explain our decision.

2

To prevail on a legal malpractice claim in New York, a plaintiff must demonstrate "that the attorney was negligent, that the negligence was the proximate cause of the injury and that she suffered actual and ascertainable damages." Rubens v. Mason, 527 F.3d 252, 254-55 (2d Cir. 2008) (internal quotation marks omitted). To establish causation, the plaintiff "must demonstrate that a reasonable fact-finder could conclude that a reasonable fact-finder in the underlying suit would have arrived a different result *but for* the attorney's negligence." Id. at 255 (emphasis added) (internal quotation marks omitted).

The district court correctly concluded that Henkel failed to allege that she would have prevailed on her partnership claims but for her attorneys' negligent conduct because the state court found that those claims were not meritorious and Henkel's malpractice complaint did not allege any additional facts or set forth any new theories of relief for those claims that were not asserted in the underlying complaint. To the extent that Henkel now argues on appeal that her attorneys were negligent in failing to amend her complaint to add "claims for damages based on a breach of partnership agreement which was oral in nature and unequivocally referable to the parties' conduct," Appellant Br. 19, those arguments do not render her causation allegations plausible. The state court noted that "[a]lthough the complaint makes various allegations that are supposedly indicia of an oral partnership agreement already in progress, these allegations do not urge the conclusion that the parties were acting as partners; they are consistent with the parties' anticipating that Henkel would be made a partner while actively negotiation the terms of a written partnership agreement." J.A. 67. Whether or not that ruling collaterally estops

3

Henkel from further litigating the merits of her partnership claims, in the absence of any plausible allegation that amendment of the underlying complaint would have overcome the defects identified by the state court, that court's decision renders Henkel's causation allegations insufficiently plausible to survive a motion to dismiss.

The district court also dismissed Henkel's claims that Defendants' malpractice further precluded her from pursuing alternative claims based on an alleged employment contract, without prejudice to their refiling depending on the outcome of state court litigation in which those claims remain *sub judice*. Henkel does not question that ruling, so we have no occasion to address it.

We have considered all of Henkel's remaining arguments and find them to be without merit. For the foregoing reasons the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court