Peter COLLINS, Plaintiff,

v.

Raoul FELDER, Raoul Felder & Partners, PC, Daniel B. Nottes, Howard Benjamin, Nicholas R. Perrella and Fuat Sarayli, Defendants.

16 Civ. 8741 (LLS)

United States District Court, S.D. New York.

Signed 04/11/2017

Edward N. Lerner, Lerner & Guarino, Westport, CT, for Plaintiff.

Adam Brenner Gilbert, Nixon Peabody LLP, Mark Kenneth Anesh, Lewis, Brisbois, Bisgaard & Smith, LLP, Rebecca A. Barrett, Lewis Brisbois Bisgaard & Smith, Nicholas Robert Perrella, New York, NY, Daniel Joseph Hurteau, Nixon Peabody, LLP, Albany, NY, Timothy Michael McEnaney, Law Office of Timothy McEnaney, P.C., Port Washington, NY, for Defendant.

## MEMORANDUM & ORDER

LOUIS L. STANTON, U.S.D.J.

Defendants Raoul Felder, Raoul Felder & Partners, P.C., Daniel B. Nottes, Howard Benjamin, Nicholas R. Perrella, and Ruat Sarayli move to dismiss the complaint in this legal and professional malpractice action for failure to state a claim upon which relief can be granted. See Fed R. Civ. P. 12(b)(6). The motions are denied with leave to renew, and the action is stayed.

## BACKGROUND

In 1996, plaintiff Peter Collins and nonparties William Reddy, Matthew Reines, and David Curran formed 400 West 14th, Inc. and are its four shareholders. Compl. ¶ 10. 400 West 14th, Inc. owned the Gaslight, a bar on West 14th Street in New York City. Id. ¶ 11.

In 2012, disputes arose between the shareholders. Id. ¶ 12. On or about March 4, 2013, Mr. Collins and Mr. Reines brought an action individually and derivatively on behalf of 400 West 14th, Inc. against Mr. Reddy and Mr. Curran in New York Supreme Court, County of New York, id. ¶ 13, seeking Mr. Reddy's and Mr. Curran's removal as directors and officers of 400 West 14th, Inc., and to recover on behalf of the corporation their alleged theft and embezzlement of more than five million dollars. On or about May 13, 2013, pursuant to the arbitration clause in 400 West 14th, Inc.'s shareholder agreement, that dispute was referred to arbitration at the American Arbitration Association (AAA). Compl. ¶ 14.

The arbitration hearings began on March 10, 2014 and ended on July 8, 2014. Id. ¶ 19. On December 10, 2014, the arbitrators issued a partial final award, finding against Mr. Collins and Mr. Reines and in favor of Mr. Reddy and Mr. Curran. On March 16, 2015, the arbitrators issued their final award, which incorporated the partial final award. On June 26, 2016, a judgment was entered in New York Supreme Court, County of New York confirming both the partial final award and the final award. The judgment was filed on August 10, 2016. Plaintiff then served and filed a notice of appeal from the judgment.

On November 10, 2016, plaintiff brought the present action against Raoul Felder, Raoul Felder & Partners, P.C., Daniel B. Nottes, Howard Benjamin, and Nicholas R. Perrella, who are lawyers who represented him at various points during the arbitral and confirmation proceedings, and Ruat Sarayli, a forensic accountant who testified at the arbitration, alleging that they committed legal and professional malpractice.

## DISCUSSION

To prevail on a claim for attorney malpractice under New York law, a plaintiff "must demonstrate 'that the attorney was negligent, that the negligence was a proximate cause of the injury and that she suffered actual and ascertainable damages.'" Rubens v. Mason, 527 F.3d 252, 254–55 (2d Cir. 2008), quoting Rubens v. Mason, 387 F.3d 183, 189 (2d Cir. 2004). Claims against accountants for professional malpractice are governed by the same standard. To prevail on a claim of attorney malpractice in the conduct of a particular case, the plaintiff must establish that— absent the malpractice—he would have won the case. Therefore, "Logic dictates that a legal malpractice claim may not be asserted until the matter on which the claim is based has been concluded." Stonewell Corp. v. Conestoga Title Ins. Co., 678 F.Supp.2d 203, 214 (S.D.N.Y. 2010). In this case, Mr. Collins has appealed from the New York Supreme Court's judgment confirming the arbitration award against him,

and his appeal is still pending. Opp. to Felder Defendants' Motion (Dkt. No. 72) at 17–18.

Defendants argue that under the present circumstance (a pending appeal or on-going litigation over an adverse judgment which a plaintiff alleges was the result of legal malpractice) the court should dismiss the complaint as premature, with some support in the cases. Henkel v. Wagner, 12 Civ. 4098 (AJN), 2013 WL 12084503, at *7 (S.D.N.Y. Mar. 18, 2013) (granting a motion to dismiss without prejudice "[i]n light of Plaintiff's pending appeal"), aff'd on other grounds, 553 Fed.Appx. 106 (2d Cir. 2014); Whitney Lane Holdings, LLC v. Sgambettera & Assocs., P.C., 08 Civ. 2966 (JS), 2010 WL 4259797, at *5 (E.D.N.Y. Sept. 8, 2010) (dismissing malpractice claim without prejudice "because Whitney Lane's suit against the sellers remains pending, its contingent negligence/legal malpractice claim against Defendants is not ripe").

While plaintiff's appeal is pending, the prospect is still open that he may prevail, which would require dismissal of his malpractice claims. If the appeal is decided against him, his malpractice claims will be ripe. However, he is concerned that by that time they might be barred by the statute of limitations.

■ The three-year statute of limitations governing professional malpractice actions under New York state law "accrues when the malpractice is committed." Shumsky v. Eisenstein, 96 N.Y.2d 164, 166, 750 N.E.2d 67, 69, 726 N.Y.S.2d 365, 367 (2001); N.Y. C.P.L.R. § 214(6). That might be held to be when the relevant action was taken (or omitted) during the conduct of the arbitration, which ended in July 2014, almost three years ago. It is an open question in the State of New York whether the pendency of an appeal from the judgment of the lower tribunal in the underlying action tolls the running of the three-year malpractice statute of limitations. If it does not, if he loses his appeal (making his malpractice claims ripe for litigation), but not until after July 2017, a new assertion of his claims may be barred by the statute of limitations, if this case (commenced timely) is dismissed. Therefore, dismissal of this complaint is inadvisable. However, it may also be undesirable to allow the burdens of discovery to be employed while it is still unknown whether he has any valid claim.

As stated in Stettner v. Bendet, 227 A.D.2d 202, 203, 642 N.Y.S.2d 253, 254 (App. Div. 1st Dep't 1996),

> Since the client's remedies in the bankruptcy proceeding are uncertain, and since the client can have no cause of action for legal malpractice unless he would have had a remedy in the bankruptcy proceeding but for the attorney's negligence (see, Geraci v. Bauman, Greene & Kunkis, 171 A.D.2d 454, 455, 567 N.Y.S.2d 36 [ ((App. Div. 1st Dep't 1991) ], app. dismissed 78 N.Y.2d 907, 573 N.Y.S.2d 468, 577 N.E.2d 1060 [ (1991) ] ), we modify to stay the instant action until such time as the client's rights in the bankruptcy proceeding, and his contingent right to prosecute the underlying action, are finally settled.

Accordingly, the motions to dismiss are denied, but further proceedings in this action are stayed until a final judgment on Collins's pending appeal from the confirmation of the arbitration award. In case of necessity, plaintiff may apply on two days written notice for lifting of the stay.

## CONCLUSION

The motions to dismiss (Dkt. Nos. 43, 51, 58, 63) are denied with leave to renew following determination of the appeal from the confirmation of the arbitration award.

In the meantime further proceedings herein are stayed.

So ordered.