Farina v Katsandonis, P.C. (2021 NY Slip Op 05078)





Farina v Katsandonis, P.C.


2021 NY Slip Op 05078


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Webber, J.P., Mazzarelli, González, Scarpulla, Pitt, JJ. 


Index No. 154170/19 Appeal No. 14209 Case No. 2020-03716 

[*1]Maria Carmela Farina, Plaintiff-Appellant,
v
Katsandonis, P.C., et al., Defendants-Respondents.


Tully Law Office, P.C., Yorktown Heights (Tara A. Tully of counsel), for appellant.
Winget, Spadafora & Schwartzberg, LLP, New York (Alexander A. Truitt of counsel), for respondents.



Order, Supreme Court, New York County (David B. Cohen, J.), entered February 21, 2020, which granted defendants' motion to dismiss the complaint as barred by the statute of limitations, and denied as futile plaintiff's motion for leave to amend the complaint, unanimously affirmed, without costs.
Supreme Court properly determined that plaintiff's complaint, filed April 22, 2019, is barred by the three-year statute of limitations applicable to legal malpractice causes of action, and thus, amendment of the complaint would be futile (see generally McCoy v Feinman, 99 NY2d 295, 301 [2002]). The documentary evidence submitted by defendants established, as a matter of law, that their representation of plaintiff ended no later than April 7, 2016, the day the fully executed consent to change attorney form was filed. The filing of that form automatically ended defendants' obligation to represent plaintiff notwithstanding defendants' pending motion to be relieved, and for a charging lien (see CPLR 321[b][1]). Plaintiff failed to allege sufficient facts showing that there was a mutual understanding of the need for further representation of plaintiff by defendants after April 7, 2016 (cf. Unger v Horowitz, 8 AD3d 62, 62 [1st Dept 2004]; see generally McCoy, 99 NY2d at 306 [2002]). Borelli had clearly assumed representation of plaintiff by April 7, 2016, because on March 29, 2016, it opposed defendants' motion for a charging lien on plaintiff's behalf, and on March 31, 2016, it received plaintiff's file from defendants (see MacArthur v Hall, McNicol, Hamilton & Clark, 217 AD2d 429, 429-430 [1st Dept 1995]).
Plaintiff's argument that defendants should be estopped from claiming that their representation ended before April 21, 2016, when their motion to be relieved as counsel and for a charging lien was resolved by so-ordered stipulation, because they did not previously withdraw their request to be relieved as counsel or inform the court that that request was moot, is not persuasive. In light of the foregoing, we do not reach the parties' remaining arguments regarding collateral estoppel and failure to state a cause of action. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021