■ GERMAINE BOOTHE, an Infant, by His Mother and Natu-

ral Guardian, CAROLYN B. BOOTHE, et al., Respondents, v LAWRENCE HOSPITAL, Appellant.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered June 5, 1990, which, *inter alia*, denied defendant's motion to dismiss the complaint because unaccompanied by a certificate of merit (CPLR 3012-a), and because containing an ad damnum clause (CPLR 3017 [c]), unanimously modified, on the law, to the extent of striking the ad damnum clause from the complaint, and otherwise affirmed, without costs.

We disagree with the court that the action is for simple negligence. The burns allegedly sustained by the hypothermic infant plaintiff after treatment by defendant hospital's nurses with hot water bottles "constituted an integral part of the process of rendering medical treatment" *(Scott v Uljanov,* 74 NY2d 673, 675), and was "within the realm of the exercise of professional judgment—whether good or bad—allegedly exercised by the nurse[s]" *(De Leon v Hospital of Albert Einstein Coll. of Medicine,* 164 AD2d 743, 748; *see also, Bleiler v Bodnar,* 65 NY2d 65, 72). Although plaintiffs failed to comply with CPLR 3012-a in commencing the action without a certificate of merit, dismissal for that reason is not warranted first because defendant's discharge summary itself establishes a reasonable basis for the commencement of the action, and, second, because of the procedural posture of this case, which includes a prior, unappealed order granting plaintiffs leave to serve an amended complaint omitting any reference to medical malpractice, plaintiffs cannot be faulted for compliance. The appropriate relief for plaintiffs' violations of CPLR 3017 (c) prohibiting any mention of damages in a medical malpractice action is simply to strike the mention of such damages *(Rice v Vandenebossche,* 185 AD2d 336). Concur—Sullivan, J. P., Wallach, Ross and Asch, JJ.