■ KENNETH MATHIS, Appellant, v NEW YORK HEALTH CLUB, INC., et al., Respondents. [732 NYS2d 341] —Judgment, Supreme Court, New York County (Barbara Kapnick, J., and a jury), entered September 28, 2000, in favor of defendants and against plaintiff, unanimously affirmed, without costs.

The trial court properly responded to a jury note inquiring as to the "standard for negligence with respect to the conduct of [defendant] health club" by reading back its original charge concerning an employer's duty to use reasonable care in the employment, training and supervision of its employees. The note does not indicate that the jury was in need of reinstruction on any other aspect of the negligence charge.

Plaintiff's other points are also unavailing. The question of

whether performance of the exercises in question could have caused the types of injuries alleged is beyond ordinary knowledge and experience, and thus the orthopedist and professor of biomechanics whom defendant called were properly qualified as experts. We reject plaintiff's arguments that the expertise of these witnesses was not suited to the subjects of their opinion testimony. While the health club was unable to produce any time sheets or payroll records bearing upon the personal trainer's presence or absence at the health club on the date of the accident, the trial court properly exercised its discretion in denying a missing documents charge where defendants had produced sworn affidavits stating the documents were searched for and could not be found (*see, Scaglione v Victory Mem. Hosp.*, 205 AD2d 520, *lv denied* 85 NY2d 801), and where plaintiff was permitted to urge the jury to draw a negative inference. Finally, no basis exists to set aside the verdict as against the weight of the evidence. The case turned almost entirely on the credibility of plaintiff against that of the personal trainer, and their diametrically opposing testimony concerning the trainer's supervision over, and even presence at, plaintiff's exercise session. Concur—Rosenberger, J. P., Tom, Rubin, Buckley and Marlow, JJ.