■ Pop Cowboy, Inc., Respondent, v 175 West 73rd Street Realty Corp., Appellant. [740 NYS2d 29] —Judgment, Supreme Court, New York County (Walter Relihan, J.), entered November 21, 2000, which, in an action by a commercial tenant against its landlord for water damage caused by a burst pipe, after a jury trial, awarded plaintiff $52,500 for property damage, as reduced by the trial court, and $189,000 for lost profits, unanimously modified, on the law and the facts, to reduce the property damage award to $36,000 and vacate the award for lost profits in its entirety, and otherwise affirmed, without costs.

We reject the landlord's argument that the tenant failed to prove a prima facie case. Based on the testimony that water sprayed all over the store and that the replacement pipe had ice on it and cracked almost immediately after it was installed, the jury could reasonably infer, without expert testimony, that the burst pipe was a water pipe that served the entire building within the meaning of the lease clause, imposing a duty to repair on the landlord. Causation was also sufficiently shown, with the testimony that it was cold that January, there had been no heat in the tenant's store since November and the day before the pipe burst was the first day in January above freezing, it being a matter of ordinary knowledge and experience that water in pipes can freeze in winter for of lack of heat in a building and that pipes can rupture when the temperature rises (*see, Par-X Uniform Serv. Corp. v Emigrant Indus. Sav. Bank*, 268 App Div 699, 702; *Distribuidora Nacional De Disco v Rappaport*, 92 AD2d 559, 560).

In the absence of evidence, as opposed to counsel's speculation, that the tenant's installation of an insulation wall or removal of a small radiator prevented heat from reaching the subject pipe and contributed to its freezing, there was no basis for a comparative negligence charge (*see, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 516-517). Nor was there a basis for a

charge on releases, where the release contained in the parties' 1994 Civil Court stipulation, which stated that the tenant would look to the landlord's insurance company for payment of "any property damage claim," does not unequivocally express an intention to release the claims made herein (*see, Blog v Battery Park City Auth.*, 234 AD2d 99, 100), the landlord's insurance company refused to pay the tenant's claims, and the parties had obviously contemplated when they entered into the stipulation that the landlord had coverage. While the trial court erred in refusing to give a missing document charge with respect to the tenant's subpoenaed tax returns, the nonproduction of which the tenant did not reasonably explain (*see, Cidieufort v New York City Health & Hosps. Corp.*, 250 AD2d 720; *cf., Mathis v New York Health Club*, 288 AD2d 56), the error does not warrant reversal where the landlord commented in summation on the tenant's failure to produce the tax returns and the tenant offered no response.

Damages based on the $16,500 estimate for redoing the tenant's floor should not have been awarded, there being no dispute that such work was never done. Nor should lost profits have been awarded based only on four months of operation (*see, 676 R.S.D. v Scandia Realty*, 195 AD2d 387), and without proof of the profits of similar businesses in the area (*cf., Ciraolo v Miller*, 138 AD2d 443, 444; *Trademark Research Corp. v Maxwell Online*, 995 F2d 326, 333). We would also note that the jury's total award exceeded the ad damnum, the tenant never moved to amend its complaint (*see, Reid v Weir-Metro Ambulance Serv.*, 191 AD2d 309) and, contrary to the tenant's contention, it did not seek an increased amount in its bill of particulars. Concur—Williams, P.J., Nardelli, Andrias, Sullivan and Friedman, JJ.