■ JOAN C. TANEL, Respondent, v KREITZER & VOGELMAN et al., Appellants. [741 NYS2d 221] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about February 8, 2001, which denied defendants' motion (a) to vacate a prior-ordered trial preference, (b) to reconsider their earlier

submitted (but never decided) cross motion to dismiss the complaint or vacate the note of issue for plaintiff's failure to offer a certificate of merit, and/or (c) for summary judgment, unanimously reversed, on the law, without costs, summary judgment granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

This is an action for legal malpractice against plaintiff's attorneys, who allegedly failed to pursue an underlying medical malpractice action in a timely fashion. In order to prevail in a legal malpractice suit, the client must prove that her attorneys were negligent, and that she would have prevailed and recovered a judgment but for that negligence (*Larson v Crucet*, 105 AD2d 651). Furthermore, failure to establish that such negligence was the proximate cause of the client's loss requires dismissal of the legal malpractice action (*Pellegrino v File*, 291 AD2d 60).

Concededly, defendant law firm was at fault in failing to move for entry of a default judgment within one year of the hospital's default. But the effect of that oversight was, at best, ethereal—that which impressed Judge Cardozo as merely "negligence in the air" (*Martin v Herzog*, 228 NY 164, 170, quoting Pollock, Torts, at 472 [10th ed])—and cannot overcome the lack of merit in the underlying action. Those circumstances of nonproximate cause necessarily return us to the prevailing status quo ante of the "but for" rule which continues to control the disposition of this case as presented on appeal. Any evaluation of the potential stability of a default judgment, had one been entered herein, would require impermissible speculation.

A medical malpractice action requires the plaintiff's attorney to execute a certificate of merit to accompany the complaint (CPLR 3012-a). The omission of this certificate, never raised in the underlying action, was first called to the court's attention in the eleventh hour cross motion of defendants herein. There are remedies for this omission short of dismissal of the complaint (*see, Boothe v Lawrence Hosp.*, 188 AD2d 435), but the court here simply denied the motion with the statement that this defect had been "cured" by plaintiff's subsequent submission. We find no such curative matter in this record.

Furthermore, defendants' motion for summary judgment was supported by the affidavit of a medical expert who had reviewed the file in the underlying case and concluded that the postoperative appearance and sensitivity complained of by plaintiff, necessitating subsequent surgical procedures, "cannot be attributed to any deviation from the standard of care" of her

physician. This effectively shifted the burden to plaintiff to produce competent medical evidence demonstrating a triable issue of fact with respect to the alleged malpractice (*Alvarez v Prospect Hosp.*, 68 NY2d 320; *Kinney v Schonfeld*, 265 AD2d 219). In opposition to the summary judgment motion, plaintiff's counsel, in his affirmation, pointed fleetingly to deposition testimony by plaintiff's physician regarding her "repeated infections and permanent scarring following the procedure that took place at Nassau County Medical Center." This comment provides the sole support for the motion court's ruling that "an issue of fact * * * may not be resolved by competing doctors' affidavits." Aside from the fact that there are no "competing doctors' affidavits" in the record before this Court, it is clear to us that plaintiff's physician's impression as to plaintiff's postoperative course does not provide any showing of medical malpractice liability, i.e., any departure from the appropriate standard of care. (We note the failure of plaintiff's present counsel to submit a responding brief on this appeal.)

Plaintiff has thus failed to discharge her burden of demonstrating a triable issue of fact in the underlying medical malpractice action to rebut defendant's expert opinion. Without such a showing, the instant legal malpractice action is meritless as a matter of law. Concur—Nardelli, J.P., Sullivan, Wallach and Rubin, JJ.