■ WALTER DeLEON, Respondent, v SONIN & GENIS et al., Appellants. [757 NYS2d 263] —Order, Supreme Court, Bronx County (Kenneth Thompson, J.), entered January 15, 2002, which denied defendants' motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. Order, same court and Justice, entered January 15, 2002, which granted plaintiff's cross motion to strike defendants' answer for engaging in dilatory and contumacious conduct, unanimously reversed, on the law, without costs, and the cross motion denied. Order, same court and Justice, entered on or about September 18, 2002, which, inter alia, granted plaintiff's motion for leave to enter judgment as to liability and denied defendants' motion to strike plaintiff's notice of inquest and pleadings, unanimously reversed, on the law, without costs, plaintiff's motion denied and

defendants' motion granted. Appeal from order, same court and Justice, entered January 15, 2002, which, inter alia, denied defendants' motion to preclude plaintiff from using his bill of particulars at trial and for other relief, unanimously dismissed, without costs, as academic in view of the foregoing. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff broke his ankle, underwent surgery and had hardware inserted in June 1994. Based on his complaints of numbness and toe discoloration, plaintiff was treated during May and August 1995 at the hospital where his surgery had been performed. Hospital records indicate that the ankle was in "perfect position and alignment," that EMG tests and nerve conduction studies were normal and that plaintiff got better after edges of his cast were cut. Nonetheless, in October 1995, plaintiff retained defendants to prosecute a medical malpractice action against the hospital. The parties to this litigation dispute whether or not plaintiff was subsequently advised he had a viable case and whether certain hospital records in defendants' possession were forwarded to plaintiff. The instant action was commenced in August 1999 upon allegations that the treating hospital had caused permanent damage to nerves in plaintiff's leg through improper casting of the broken ankle. Plaintiff further alleged legal malpractice by defendants by a failure to obtain appropriate medical records, a failure to adequately evaluate such records and a failure to timely commence a medical malpractice action.

The IAS court improperly struck defendants' answer since defendants did not engage in willful or contumacious conduct in failing to comply with a preliminary conference order (*see Colucci v Jennifer Convertibles*, 283 AD2d 224 [2001]). The IAS court then improperly granted a default judgment as to liability, despite the facts that plaintiff did not submit a certificate of merit and that his complaint was verified by counsel who did not have personal knowledge of the underlying facts (*see Gagen v Kipany Prods.*, 289 AD2d 844 [2001]; *Woodson v Mendon Leasing Corp.*, 289 AD2d 158 [2001]). To prevail in a legal malpractice action, the plaintiff must prove that the attorneys were negligent and that a recovery would have been obtained but for that negligence (*Davis v Klein*, 224 AD2d 196 [1996], *affd* 88 NY2d 1008 [1996]). Even were we to assume that defendants were negligent, defendants' conduct "cannot overcome the lack of merit in the underlying action" (*Tanel v Kreitzer & Vogelman*, 293 AD2d 420, 421 [2002]). Plaintiff did not attach a certificate of merit to his complaint as required by

statute (CPLR 3012-a), did not provide a reasonable explanation for his utter failure to comply with the certificate of merit requirement and did not submit proof in admissible form on defendants' summary judgment motion sufficient to meet his burden of proof to demonstrate a prima facie claim of medical malpractice. While dismissal of plaintiff's complaint for failure to comply with CPLR 3012-a would not have been appropriate (*Boothe v Lawrence Hosp.*, 188 AD2d 435 [1992]), when defendants moved for summary judgment relying on such undisputed pleading failure, plaintiff was obliged to demonstrate that defendants' alleged legal malpractice caused him damages in the context of a medical malpractice claim upon which he could have prevailed. Instead of submitting proof in admissible form, plaintiff based his opposition on unverified reports, speculation and a flat assertion that he was not obligated to submit a certificate of merit. Since this was clearly insufficient to satisfy his burden of proof, the IAS court should have granted defendants' motion. Concur—Buckley, P.J., Mazzarelli, Andrias, Saxe and Friedman, JJ.