■ MURRAY HILL INVESTMENTS, INC., Appellant, v PARKER CHAPIN FLATTAU & KLIMPL, LLP, et al., Respondents. [759 NYS2d 463] —Judgment, Supreme Court, New York County (Louis York, J.), entered on or about January 18, 2002, dismissing the amended complaint, and bringing up for review an order, same court and Justice, entered January 14, 2002, which granted defendants' motion to dismiss the complaint as untimely and for failure to state a cause of action, unanimously affirmed, with costs. Appeal from the order entered January 14, 2002, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

In this action against a law firm and several of its partners

seeking damages for malpractice, breach of fiduciary duty, fraud and conversion, the malpractice claim was properly dismissed as untimely since it was interposed more than three years after the allegedly wrongful conduct and, in light of the clearly ruptured relationship between the parties, such limitations period was not extended under the continuous representation doctrine (*see generally Shumsky v Eisenstein*, 96 NY2d 164 [2001]).

In any case, the malpractice claim was insufficient because, assuming arguendo that defendants' alleged conduct amounted to departures from the professional standard of care, plaintiff has not adequately alleged, as it was required to, that it would have prevailed in the underlying lawsuit (*see DeLeon v Sonin & Genis*, 303 AD2d 291 [2003]). Plaintiff's allegation that "but for" defendants' conduct it would have prevailed is insufficient as purely conclusory (*see Gonzalez v Lombardino*, 301 AD2d 437 [2003]).

The fraud and fiduciary breach causes of action were properly dismissed as duplicative of the untimely and insufficient malpractice claim (*see Turk v Angel*, 293 AD2d 284 [2002]; *Penner v Hoffberg Oberfest Burger & Berger*, 303 AD2d 249 [2003]). Even if the fiduciary breach claim was not entirely duplicative of the asserted malpractice, such claim was insufficient for the same reason as the malpractice cause of action (*see Gibbs v Breed, Abbott & Morgan*, 271 AD2d 180, 188-189 [2000]).

The replevin and conversion claims seeking the return of certain mortgage documents, first asserted in the May 2001 amended complaint, were properly dismissed as untimely. Contrary to plaintiff's contention, these claims did not relate back to the original complaint because, while the earlier pleading mentioned the mortgage, it provided no notice of a possible claim for wrongful withholding of the related documents. The appended fraud claim, also first asserted in the amended complaint, was properly dismissed as duplicative, the court recognizing it as merely an attempt to circumvent the limitations period.

We have considered plaintiff's other contentions and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Wallach, Friedman and Marlow, JJ.