■ E.C. Robinson, III, Respondent, v Bryan Canniff et al., Defendants, and Thomas A. Pollak, Appellant. (And Other Actions.) E.C. Robinson, III, Plaintiff, v Friedman Management Corp. et al., Defendants. Friedman Management Company et

al., Third-Party Plaintiffs-Respondents, v Thomas A. Pollak, Third-Party Defendant-Appellant. (And Another Action.) [801 NYS2d 597]—

Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered July 6, 2004, which granted plaintiff's motion to amend the complaint, unanimously modified, on the law, to the extent of striking the dollar amount of damages from the ad damnum clause in the amended pleading, and otherwise affirmed, with costs in favor of plaintiff, payable by defendant-appellant. Order, same court and Justice, entered July 9, 2004, which denied third-party defendant's motion for partial summary judgment dismissing the indemnification claims against him, unanimously affirmed, with one bill of costs.

Plaintiff's motion to amend was supported with the requisite affidavit as well as accompanying documentation establishing that defendant Pollak performed substantial renovation in an apartment that shared a ventilation duct with plaintiff's apartment. Plaintiff's documentary submissions also established that the building's three ventilation ducts met in a closed box on the building's roof. The connection between the alleged negligence of Pollak and the alleged harm suffered by plaintiff from dust and toxins generated during the renovation performed by Pollak was thus sufficiently made out for purposes of the motion to amend (see Vega v S.S.A. Props., Inc., 13 AD3d 298 [2004]; and see Daniels v Empire-Orr, Inc., 151 AD2d 370, 371 [1989]).

The original complaint which, along with the third-party complaint, provided notice of the claims against Pollak, was timely and thus there is no issue as to the timeliness of the amended complaint. In any event, Pollak waived the statute of limitations defense by failing to raise it in his motion to dismiss or answer.

We modify the July 6, 2004 order only to strike the dollar amount recited in the ad damnum (see CPLR 3017 [c]; and see Boothe v Lawrence Hosp., 188 AD2d 435 [1992]).

With respect to the indemnification claims at issue in the July 9, 2004 adjudication, Pollak, in seeking summary judgment

dismissing those claims, failed to meet his burden to substantiate by documentary submission his contention that there was no contractual indemnification clause pursuant to which he was bound, or to demonstrate the absence of any viable claim for common-law indemnification. In the latter regard, the record at this juncture does not permit the conclusion that the alleged harm was not attributable to negligence on Pollak's part or that it was attributable to negligence on the part of the third-party plaintiffs (*see Trustees of Columbia Univ. v Mitchell/Giurgola Assoc.*, 109 AD2d 449, 453-454 [1985]). Concur—Saxe, J.P., Marlow, Williams, Sweeny and Catterson, JJ.