This appeal arises out of a matrimonial action in which the Supreme Court placed certain properties into the custody of a court-appointed receiver. One of the properties placed into the receivership was owned by the proposed intervenor, High Spruce Associates, LP (hereinafter High Spruce). The Supreme Court determined that High Spruce did not timely move for leave to intervene in the matter to contest the court's authority to place its property into receivership, and we affirm that determination in a related appeal (*see Hirsch v Hirsch,* 40 AD3d 818 [2007] [decided herewith]).

In the instant appeals, High Spruce and the defendant Benjamin Hirsch appeal from the order approving the final accounting of the receiver. In the brief submitted by High Spruce, which was adopted by Hirsch, High Spruce conceded that if the appeal from the order denying its motion for leave to intervene was unsuccessful, "this appeal cannot proceed." Because this court affirmed the denial of High Spruce's motion for leave to intervene (*see Hirsch v Hirsch, supra*), the appeal by High Spruce from the order approving the final accounting must be dismissed.

Hirsch has not set forth any basis for relief on this appeal. Crane, J.P., Krausman, Lifson and Balkin, JJ., concur.

■ DIANA JEAN-PIERRE, Appellant, v TOURO COLLEGE et al., Respondents, et al., Defendant. [836 NYS2d 283]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Kings County (Schneier, J.), dated February 15, 2006, which, upon a jury verdict on the issue of liability, is in favor of the defendant Arco Management Corp. and against her dismissing the complaint insofar as asserted against that defendant, and (2) a judgment of the same court entered March 16, 2006, which, upon the jury verdict, is in favor of the defendant Touro College and against her dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgments are affirmed, with one bill of costs.

Contrary to the plaintiff's contention, the Supreme Court

properly denied her request for an adverse inference charge against the defendants Touro College (hereinafter Touro) and Arco Management Corp. (hereinafter Arco) based upon their failure to produce an accident report allegedly generated by a nonparty to this action. A party seeking an adverse inference charge against an opponent who has failed to produce a document must make a prima facie showing that the document in question actually exists, that it is under the opponent's control, and that there is no reasonable explanation for failing to produce it (*see Wilkie v New York City Health & Hosps. Corp.*, 274 AD2d 474 [2000]; *Cidieufort v New York City Health & Hosps. Corp.*, 250 AD2d 720, 721 [1998]; *Scaglione v Victory Mem. Hosp.*, 205 AD2d 520, 520-521 [1994]). Here, a Touro representative testified that he never sought or received the accident report, and an Arco representative testified that he was unable to locate the document after performing a search. Accordingly, the plaintiff failed to establish her entitlement to an adverse inference charge based upon the missing accident report (*see Mathis v New York Health Club*, 288 AD2d 56, 57 [2001]; *Wilkie v New York City Health & Hosps. Corp.*, supra at 474-475; *cf. Cusumano v New York City Tr. Auth.*, 75 AD2d 801 [1980]).

The plaintiff's remaining contentions are without merit. Ritter, J.P., Santucci, Balkin and McCarthy, JJ., concur.