■ JUDITH REBECCA RODRIGUEZ, Respondent, v JAMES KILLERLANE, Appellant. [843 NYS2d 69]—

Order, Supreme Court, Bronx County (Nelson S. Roman, J.), entered on or about March 9, 2007, which, in an action for legal

malpractice, insofar as appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint, and granted plaintiff's cross motion for summary judgment on the issue of liability, unanimously modified, on the law, to deny plaintiff's cross motion, and otherwise affirmed, without costs.

It appears that defendant allowed a year to pass without moving for a default judgment against the defendants in the underlying action, out-of-possession owners of premises leased to plaintiff's employer and in which plaintiff slipped and fell, and that as a result the underlying action was dismissed as abandoned pursuant to CPLR 3215 (c). Defendant concedes that his failure to move for a default judgment was negligent, but argues that there was no resulting harm to plaintiff because the underlying action was not viable. The motion court correctly rejected this argument on the ground that it assumes, on the basis of no evidence other than the owners' out-of-possession status, that the owners had no duty to remedy the alleged hazard, old and rusty pipes that froze and cracked due to a lack of heat (*see Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 566-567 [1987]; *cf. e.g. Pop Cowboy v 175 W. 73rd St. Realty Corp.*, 292 AD2d 300 [2002], *lv denied* 98 NY2d 609 [2002]; *Lantigua v 700 W. 178th St. Assoc., LLC*, 27 AD3d 266, 267 [2006]). However, with respect to plaintiff's cross motion for summary judgment, the motion court incorrectly held that defendant's liability for malpractice was established, as a matter of law, by his negligence in failing to timely move for a default judgment and the resulting dismissal of the underlying action. This holding ignored the possibility that the owners might have successfully opposed a motion for a default judgment had one been made, or successfully vacated a default judgment had one been entered. "[T]he effect of [defendant's] oversight [to move for entry of a default judgment within one year of the default] was, as best, ethereal—that which impressed Judge Cardozo as merely 'negligence in the air'—and cannot overcome the lack of merit in the underlying action. . . . [T]he 'but for' rule . . . continues to control [in this CPLR 3215 (c) context] . . . . Any evaluation of the potential stability of a default judgment, had one been entered herein, would require impermissible speculation" (*Tanel v Kreitzer & Vogelman*, 293 AD2d 420, 421 [2002] [citations omitted]). The only proof of the owners' liability presented by plaintiff was defendant's initial assessment of the merits and value of plaintiff's case against the owners, expressions of optimism that are insufficient to establish the merits of the underlying action. Concur—Tom, J.P., Mazzarelli, Friedman, Sullivan and Nardelli, JJ.