Robert Nowak et al., Respondents, v County of Wayne, Appellant. [864 NYS2d 631]—

Appeal from an order of the Supreme Court, Wayne County (John B. Nesbitt, A.J.), entered May 17, 2007. The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint insofar as it alleges that plaintiff Sheila Nowak sustained personal injuries and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking to

recover damages allegedly resulting from the flooding of their properties after employees of defendant breached a beaver dam. Supreme Court properly denied that part of defendant's motion seeking summary judgment dismissing the complaint with respect to plaintiffs' claims for property damage. Even assuming, arguendo, that the affidavit of defendant's expert is sufficient to establish that the flooding did not cause such damage, we conclude on the record before us that other evidence submitted by both defendant and plaintiffs raises triable issues of fact with respect to the cause of plaintiffs' alleged property damage. Evidence of the altered condition of plaintiffs' properties after the flooding is sufficient to support an inference that plaintiffs' alleged property damage resulted from the flooding, even in the absence of expert opinion evidence (*see generally Pop Cowboy v 175 W. 73rd St. Realty Corp.*, 292 AD2d 300 [2002], *lv denied* 98 NY2d 609 [2002]).

The court erred, however, in denying that part of defendant's motion seeking summary judgment dismissing the complaint insofar as it alleges that plaintiff Sheila Nowak sustained personal injuries from her exposure to well water that was contaminated with E. coli as a result of the flooding. Defendant submitted the deposition testimony of two of her treating physicians who concluded that her medical problems following the flooding were not related to E. coli, and plaintiffs failed to raise a triable issue of fact (*see Hellert v Town of Hamburg*, 50 AD3d 1481, 1482-1483 [2008]). We therefore modify the order accordingly. Present—Centra, J.P., Lunn, Peradotto, Green and Pine, JJ. [*See* 2007 NY Slip Op 30881(U) (2007).]