Brean Murray, Carret & Co. v Morrison & Foerster LLP (2018 NY Slip Op 07238)





Brean Murray, Carret & Co. v Morrison & Foerster LLP


2018 NY Slip Op 07238


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Acosta, P.J., Friedman, Kapnick, Webber, Moulton, JJ.


7503 651024/16

[*1]Brean Murray, Carret & Co., Plaintiff-Appellant,
v
Morrison & Foerster LLP, Defendant-Respondent.


Olshan Frome Wolosky LLP, New York (Kyle Kolb of counsel), for appellant.
Williams & Connolly LLP, New York (John S. Williams of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered March 30, 2017, which granted defendant's motion to dismiss the complaint for legal malpractice and fraud, unanimously affirmed, without costs.
According to the February 2016 complaint, plaintiff was co-lead underwriter of a public offering of stock by Puda Coal, Inc., whose principal asset was its 90% interest in Shanxi Coal. Defendant was retained as counsel for the underwriters to conduct due diligence, but allegedly failed to detect and inform plaintiff that Puda no longer possessed that 90% interest.
The malpractice claim was properly dismissed as time-barred (see CPLR 214[6]), and the doctrine of equitable estoppel "will not toll a limitations statute where plaintiffs possessed timely knowledge sufficient to have placed them under a duty to make inquiry and ascertain all the relevant facts prior to the expiration of the applicable statute of limitations" (Rite Aid Corp. v Grass, 48 AD3d 363, 364-365 [1st Dept 2008]). Here, the alleged malpractice occurred in December 2010 when defendant issued its opinion letter that "nothing has come to our attention that leads us to believe" that the registration statement "contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading." Thereafter, a public report which broke the news of Puda's fraud on April 8, 2011 confirmed that the fraudulent transfers of ownership of Shanxi Coal were documented in government filings. There was nothing preventing plaintiff from accusing defendant of substandard care in April 2011, based on defendant's opinion letter, when compared to statements made in the public report and the securities litigation that followed in April 2011.
Plaintiff's contention that it relied on defendant because it was a large, international law firm with alleged expertise in China-based companies, and because it trusted that defendant would comply with professional standards and its fiduciary duty to advise plaintiff if its work product was deficient, is misplaced. Plaintiff maintains that defendant's withdrawal as counsel did not exempt it from such standards, as the decision to terminate the relationship constituted an act of concealment that "left [plaintiff] in the dark regarding the extent of [defendant's] potential liability." Even if plaintiff's allegations of concealment were true, "plaintiff [has] failed to demonstrate [its] due diligence, for [it was] on inquiry notice by at least [2011] and failed to make a reasonable investigation" (MBI Intl. Holdings Inc. v Barclays Bank PLC, 151 AD3d 108, 117 [1st Dept 2017], lv denied 29 NY3d 919 [2017]).
Plaintiff's fraud claim is based on alleged misrepresentations in defendant's opinion letter and alleged omissions when it terminated legal representation. The fraud allegations in the complaint are duplicative of plaintiff's untimely legal malpractice claims (see Murray Hill Invs. v Parker Chapin Flattau & Klimpl, 305 AD2d 228 [1st Dept 2003]), and "there is no independent cause of action for concealing malpractice" (Zarin v Reid & Priest, 184 AD2d 385, 387 [1st Dept [*2]1992] [internal quotation marks omitted]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK