Blackstock v AVR Crossroads, LLC (2022 NY Slip Op 07179)

Blackstock v AVR Crossroads, LLC

2022 NY Slip Op 07179

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Scarpulla, Pitt-Burke, JJ. 

Index No. 155167/12 Appeal No. 16938 Case No. 2022-00130 

[*1]Albert Blackstock et al., Plaintiffs-Appellants,
v
AVR Crossroads, LLC, et al., Defendants-Respondents. New York City Transit Authority et al., Defendants.

Law Offices of Ira M. Perlman, P.C., New York (Robert D. Rosen of counsel), for appellants.
McGaw & Alventosa, Jericho (Mary C. Azzaretto of counsel), for AVR Crossroads, LLC and Boston Properties Limited Partnership, respondents.
Sabatini & Associates, New York (Steve S. Efron of counsel), for Schindler Elevator Corporation, respondent.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered December 1, 2021, which denied plaintiffs' motion to strike the answer of defendant Schindler Elevator Corporation (Schindler) and the answer of defendants AVR Crossroads, LLC (AVR) and Boston Properties Limited Partnership (Boston) or, alternatively, for an adverse inference concerning certain documents, unanimously affirmed, without costs.
A party seeking a sanction for spoliation of evidence "must demonstrate: (1) that the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a 'culpable state of mind'; and[] that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" ( VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45 [1st Dept 2012]). Here, there is insufficient evidence to support plaintiffs' claim that, in addition to an electronic record of every visit a Schindler mechanic made regarding the subject escalator, handwritten time tickets exist for those maintenance visits, which were not exchanged (see Aponte v Bronx Preserv. Hous. Dev. Fund Corp., 202 AD3d 401 [1st Dept 2022]); Cuevas v 1738 Assoc., LLC, 96 AD3d 637 [1st Dept 2012]). As for the escalator logbook, Boston-AVR proffered undisputed evidence that it remained with the building when the building was sold and is thus not in defendants' control (see Jean-Pierre v Touro Coll., 40 AD3d 819 [2d Dept 2007]). Notably, plaintiffs have made no effort to conduct nonparty discovery to obtain a copy of that item. Thus, plaintiffs failed to meet their burden of demonstrating that spoliation sanctions were warranted (see Mohammed v Command Sec. Corp., 83 AD3d 605 [1st Dept], lv denied 17 NY3d 708 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 20, 2022